[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by Holly A. Williams from a judgment of the Court of Common Pleas of Shelby County wherein the court held that the liability of Motorists Mutual Insurance Company ("Appellee") was limited to the one person coverage amount contained in the tortfeasor's policy by reason of the language contained therein pursuant to the provisions of R.C. 3937.18 and R.C. 3937.44.
The parties do not dispute the facts of this case. On October 18, 1996, Defendant Mark A. Carmean, 16, lost control of his vehicle and collided with another vehicle driven by David A. Williams. David A. Williams subsequently died as a result of the accident. On January 23, 1997, Holly A. Williams, decedent's wife and "Appellant" herein, filed a wrongful death suit against Mark Carmean on behalf of herself, her two minor children and a child born as issue of decedent's prior marriage.
At the time of the accident, Appellee insured Defendant Mark Carmean under a liability policy issued to his mother, Diane M. Morris, that included a "per person" limitation in the amount of $100,000 and a "per accident" limitation of $300,000. Appellant attempted to obtain a settlement for all claims in accordance with the "per accident" amount. Appellee refused to apply the "per accident" amount claiming that Appellant and the children were bound by the language of the policy and that $100,000 was the most they could receive collectively.
On July 7, 1997, Appellee intervened in the wrongful death action and filed a declaratory judgment action asking the trial court to issue an order stating that the company was only obligated to pay a total amount of $100,000. Both parties subsequently filed Motions for Partial Summary Judgment in order to resolve the coverage dispute prior to proceeding on the wrongful death issue. On December 9, 1997, the lower court issued a judgment limiting the obligation of Motorists Mutual to the one person limit of $100,000. Pursuant to Appellee's motion, the court converted its decision into a final appealable order on December 22, 1997, in accordance with Civ.R. 54(B). Appellant has timely appealed the decision and asserts one assignment of error:
 The Trial Court committed prejudicial error when it ruled that Defendants Mark A. Carmean, a Minor, and Diane M. Morris's insurance policy issued by Defendant Motorists Mutual Insurance had a maximum limit in this matter in the amount of One Hundred Thousand Dollars ($100,000.00); and, further finding that the policy properly limited its coverage to Defendant Mark A. Carmean, a Minor, and Diane M. Morris to One Hundred Thousand Dollars ($100,000.00); and, further that the insurance company Defendant Motorists Mutual properly limited its exposure to One Hundred Thousand Dollars ($100,000.00) in this underlying wrongful death action.
The single issue in this case is whether the policy language is sufficient to comply with the provisions of R.C. 3937.18 and R.C. 3937.44 and thereby limit the claimants in the pending wrongful death action to $100,000 collectively.
In October, 1994, approximately two years prior to David Williams' death, the Ohio Legislature amended R.C. 3937.18 and enacted R.C. 3937.44 to allow insurance companies to
 include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds [or] claims made . . .
Relevant legislative history illustrates that this legislation was specifically enacted to counteract the effect ofSavoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500,620 N.E.2d 809, wherein the Supreme Court of Ohio held that "liability policy provisions which purport to consolidate wrongful death damages suffered by individuals into one `each person' policy limit are unenforceable." Id. at 504, 620 N.E.2d 813.
However, despite the legislative history and resulting amendments, Appellant urges this Court to apply the ruling ofSavoie and the ruling of a similar case, Cincinnati Ins. Co. v.Phillips (1990), 52 Ohio St.3d 162, 556 N.E.2d 1150, as the common law of Ohio since Motorists Mutual Insurance Company failed to clearly amend its policies to conform to the language contained in the aforementioned legislation. Thus, Appellant argues that in the absence of such language, the common law rulings should apply. We find this contention to be without merit.
The language of the policy in question states, in relevant part:
 The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one auto accident . . . This is the most we will pay regardless of the number of:
1. insureds;
2. claims made . . .
We hold that the policy language is clear. Although the word "collectively" is not used, the policy unequivocally states that the liability of Motorists Mutual Insurance Company is limited to $100,000 for damages for bodily injury, including death for one person in any one accident, regardless of how many individuals assert a claim. Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.